UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RYAN DILLON,
    Plaintiff,

vs

OHIO DEPARTMENT REHABILITATION
CORRECTIONS, et al.,
    Defendants.

Case No. 1:18-cv-279

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On April 23, 2018, plaintiff initiated this prisoner civil rights action by filing a complaint under 42 U.S.C. § 1983. (Doc. 1). However, plaintiff failed to pay the required filing fee to commence the action. Plaintiff also failed to submit service copies of the complaint, summons, and United States Marshal forms for each of the defendants named in this lawsuit.

On May 2, 2018, the undersigned issued a Deficiency Order requiring plaintiff to pay the full $400 filing fee or to submit to the Court an *in forma pauperis* application and certified copy of plaintiff's prison trust fund account statement (or institutional equivalent) for the preceding six-month period, and to submit service copies of the complaint and completed summons and United States Marshal forms for the named defendants. (Doc. 2).

Plaintiff partially complied with the Deficiency Order by submitting a certified copy of his trust fund account statement. However, because plaintiff failed to provide an *in forma pauperis* application, service copies of the complaint, summons forms, or United States Marshal forms for each of the defendants named in the lawsuit, the Court issued a second Deficiency Order on June 11, 2018. (Doc. 4). Plaintiff was ordered to pay the full $400 filing fee or to submit to the Court an *in forma pauperis* application and to submit a service copy of the complaint, summons form, and a United States Marshal forms for each of the named defendants within twenty-one days of the date of the Order. (Doc. 4). Plaintiff was also warned that a

failure to comply with the Order would result in the dismissal of his case for want of prosecution. (Doc. 4).

To date, more than twenty-one days after the Court's June 11, 2018 Deficiency Order, plaintiff has failed to comply with or respond to the Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's June 11, 2018 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RYAN DILLON,<br>    Plaintiff, | Case No. 1:18-cv-279 |
| | Dlott, J. |
| vs | Bowman, M.J. |
| OHIO DEPARTMENT REHABILITATION<br>CORRECTIONS, et al.,<br>    Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).